UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kim Little, an individual (dba EXECUTIVE RESUME PRO), <br><br> Plaintiff, <br><br> v. <br><br> FASHION CAREER CENTER, LLC, a New Jersey limited liability company, and MARTIN WEITZMAN, an individual, <br> Defendants. | Case No: 2:14-CV-4129-RMG-BM <br><br> Judge: _____ <br><br> Jury Trial Demanded |

## COMPLAINT

The Plaintiff complains of the Defendants and each of them as follows:

1. Plaintiff Kim Little (dba EXECUTIVE RESUME PRO) is an individual resident of the State of South Carolina, with a principal place of business located at 4048 Harleston Green Lane, Mt. Pleasant, South Carolina 29466.

2. Upon information and belief, Defendant Fashion Career Center, LLC is a limited liability company formed under the laws of the State of New Jersey, with a principal place of business at 8 Croydon Court in Englishtown, New Jersey.

3. Upon information and belief, Defendant Martin Weitzman is an individual residing in Englishtown, New Jersey.

4. The action alleged herein arises under the Lanham Act, *15 U.S.C. § 1051 et seq.*, among other law, and is brought pursuant to *28 U.S.C. § 1338* and pursuant to the Federal Declaratory Judgment Act, *28 U.S.C. §§ 2201 and 2202*.

5. This Court has subject matter jurisdiction, in part pursuant to *28 U.S.C. §§2201 and 2202,* and pendant jurisdiction pursuant to *28 U.S.C. 1367.*

6. Venue is proper under *28 U.S.C. §§ 1391(b)* and *(c)* in that Defendants conduct business in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

7. Plaintiff is a sole proprietor of a business that provides resume preparation services and associated consulting services under the mark EXECUTIVE RESUME PRO.

8. Plaintiff is the owner of the mark EXECUTIVE RESUME PRO which mark it has been using since at least as early as December 1999.

9. Plaintiff is the owner of United States Trademark Application Serial No. 86167399 for the mark EXECUTIVE RESUME PRO for use in connection with resume preparation services and resume consulting services associated therewith.

10. Upon information and belief, Defendant Martin Weitzman alleges himself to be the owner of the mark RESUME PRO in connection with resume preparation and resume writing services, though it made no use of the mark RESUME PRO in connection with such services prior to Plaintiff's first use of the mark EXECUTIVE RESUME PRO.

11. Upon information and belief, Defendant Martin Weitzman operated a business providing resume preparation and resume writing services under the name GILBERT RESUME SERVICES, which was advertised as such on the internet.

12. Upon information and belief, sometime after Plaintiff's first use of the mark EXECUTIVE RESUME PRO, Defendant Martin Weitzman changed the name of his resume preparation and resume writing services business to RESUME PRO.

13. Upon information and belief Defendant Fashion Career Center, LLC, was formed in October 1999.

14. Upon information and belief, Defendant Fashion Career Center, LLC, alleges itself to be the owner of the mark RESUME PRO in connection with resume preparation and resume writing services, though it made no use of the mark RESUME PRO in connection with such services prior to Plaintiff's first use of the mark EXECUTIVE RESUME PRO.

15. In March 2006, and during a period it knew that Plaintiff had used the mark EXECUTIVE RESUME PRO well prior to any possible first use of RESUME PRO, Defendant Fashion Career Center, LLC, applied for and obtained United States Trademark Registration No. 3208174 for the mark RESUME PRO in connection with resume preparation services and writing services, claiming a false first use date of January 1, 1990.

16. Upon information and belief, since at least as early as the Spring of 2006, Defendants and each of them have claimed to own the mark RESUME PRO in connection with resume preparation and resume writing services, and have threatened Plaintiff with legal action for trademark infringement and/or unfair competition, though neither Defendant instituted litigation against Plaintiff for trademark infringement.

17. Upon information and belief, Defendants have conducted business in the State of South Carolina under the mark RESUME PRO in connection with resume preparation and resume writing services.

18. Upon information and belief, Defendants have provided resume preparation and resume writing services under the mark RESUME PRO to residents of the State of South Carolina.

19. Defendants and each of them threatened Plaintiff with legal action for trademark infringement and/or unfair competition, which threats were directed to and harmed Plaintiff in the State of South Carolina.

20. In July 2012, Defendants and each of them brought or caused to be brought a Uniform Domain-name Dispute-Resolution Policy ("UDRP") proceeding to take away Plaintiff's www.executiveresumepro.com website URL, during which proceeding Defendants and each of them adduced or caused to be adduced falsified evidence and documents in an attempt to show that Defendants or either of them had used the mark RESUME PRO.

21. Defendants and each of them brought or caused to be brought such UDRP proceeding, by directing pleadings and notices which were directed to and harmed Plaintiff in the State of South Carolina.

22. The UDRP proceeding was decided in Plaintiff's favor though she had to spend thousands of dollars to defend it.

23. Defendants and each of them brought or caused to be brought baseless legal proceedings causing Plaintiff to expend monies and efforts to the detriment of her business.

24. In 2013, Defendant Fashion Career Center, LLC, failed to maintain its United States Trademark Registration No. 3208174 for the mark RESUME PRO in connection with resume preparation services and writing services, and such registration was cancelled by the United States Patent and Trademark Office.

25. On January 14, 2014, Plaintiff filed United States Trademark Application Serial No. 86167399 for the mark EXECUTIVE RESUME PRO in connection with resume preparation services and resume consulting services associated therewith, claiming an amended first use date of at least as early as December 31, 1999.

26. On July 15, 2014, Defendant Fashion Career Center, LLC filed a new application for the mark RESUME PRO in connection with resume preparation services and writing services, this time claiming a first use date of March 25, 2005, well after Plaintiff's first use of the mark EXECUTIVE RESUME PRO at least as early as December 31, 1999.

27. On July 15, 2014, Defendant Fashion Career Center, LLC opposed United States Trademark Application Serial No. 86167399 for the mark EXECUTIVE RESUME PRO in Opposition No. 91217375 alleging it to have superior trademark priority of use, even though it allegedly used the mark RESUME PRO in connection with resume preparation services and writing services well after Plaintiff's first use of the mark EXECUTIVE RESUME PRO at least as early as December 31, 1999.

28. Upon information and belief, Defendant Martin Weitzman is the managing member and the sole member of Defendant Fashion Career Center, LLC, and at all times relevant cooperated with or otherwise directed the wrongful actions complained of herein.

29. Defendants and each of them have continued to harass and threaten Plaintiff over a period of over 8 years, including making false charges of trademark infringement and/or unfair competition, and through abuse of the UDRP and U.S. Trademark Office *inter partes* proceedings.

30. As a result of the Defendants' actions and those of each of them, Plaintiff has a reasonable and renewed apprehension of being sued for trademark infringement and/or unfair competition by the Defendant as a result of the Plaintiff's use of the mark EXECUTIVE RESUME PRO, and continued abuse of process by Defendants and each of them.

31. Plaintiff also desires to be free of continued harassment and harm to its business by false charges of trademark infringement by the Defendant and each of them as a result of the Plaintiff's use of the mark EXECUTIVE RESUME PRO.

32. Under all the circumstances, there is a substantial controversy between the Plaintiff and the Defendants, Plaintiff and Defendants and each of them having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### COUNT ONE – DECLARATORY JUDGMENT

33. Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the mark EXECUTIVE RESUME PRO as described herein does not infringe or dilute any trademarks owned by the Defendants or each of them, violate any rights of the Defendants or each of them, or cause any damage to the Defendants or each of them and/or that Plaintiff's rights in the mark EXECUTIVE RESUME PRO are superior to any alleged rights of Defendants or each of them to the mark RESUME PRO.

34. The actions of Defendants or each of them render this an exceptional case under the Lanham Act (15 U.S. Code § 1117).

### COUNT TWO – COMMON-LAW TORTIOUS INTERFERENCE WITH BUSINESS

35. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 – 34 as if fully repeated here.

36. Defendants and each of them at times relevant were made aware that Plaintiff had superior rights of priority in the EXECUTIVE RESUME PRO mark.

37.     Defendants and each of them made false accusations of trademark infringement and unfair competition causing Plaintiff to have to engage and compensate legal counsel to respond.

38.     Defendant Fashion Career Center, LLC brought a baseless UDRP proceeding including providing false testimony and falsified documents causing Plaintiff to have to engage and compensate legal counsel to respond to prevail in such proceeding.

39.     Defendant Fashion Career Center, LLC brought a baseless Opposition proceeding knowing that that Plaintiff had superior rights of priority in the EXECUTIVE RESUME PRO mark, causing Plaintiff to have to engage and compensate legal counsel to respond to defend such proceeding.

40.     Defendants or each of them have engaged in a continuous course of intentional tortious conduct causing damage to Plaintiff and her business by intentionally making false accusations and abusing legal process causing Plaintiff damage.

41.     Upon information and belief, such continuous course of intentional tortious conduct causing damage to Plaintiff and her business in on-going and will continue unless enjoined.

**WHEREFORE**, Plaintiff prays for entry of judgment:

(a)     Declaring that the Plaintiff's use of the mark EXECUTIVE RESUME PRO as described herein does not infringe, dilute, or create a likelihood of confusion as to any trademarks owned by the Defendant, violate any rights of the Defendants or any of them, or cause any damage to the Defendants or any of them and/or that Plaintiff's rights in the mark EXECUTIVE RESUME PRO are superior to Defendants' or those of each of them;

(b)     Declaring this to be an exceptional case under the Lanham Act (15 U.S. Code § 1117);

(c)     Enjoining Defendants from of intentional tortious conduct causing damage to Plaintiff and her business;

(d)     Awarding Plaintiff damages arising from the tortious conduct of Defendants or each of them in the amount of at least $15,000;

(e)     Awarding Plaintiff punitive damages of no less than $100,000 in tort;

(f)     Awarding Plaintiff pre-judgment and post-judgment interest upon such damages;

(g)     Awarding Plaintiff her attorneys' fees and costs of this action; and

(h)     Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____
Kim Little
4048 Harleston Green Lane
Mt. Pleasant, South Carolina  29466
1-877-263-7581
kim@executiveresumepro.com